UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:14-CR-4-TBR

UNITED STATES OF AMERICA                                         PLAINTIFF/RESPONDENT

v.

CHARLES ALBERT MOTLEY, JR.                                      DEFENDANT/PETITIONER

**MEMORDANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant/Petitioner Charles Albert Motley, Jr.'s § 2255 habeas petition. (DN 104). The United States has filed a response. (DN 106). Motley has filed a reply. (DN 107). This Court referred the matter to Magistrate Judge King for a report and recommendation. (DN 105). A report and recommendation has been issued. (DN 108). Motley filed an objection. (DN 109). This Court ordered an evidentiary hearing be held. (DN 120). David Bundrick was appointed to represent Motley. (DN 112). Bundrick filed an amended § 2255 habeas petition on behalf of Motley. (DN 121). An evidentiary hearing was held on May 2, 2016. David Bundrick appeared on behalf of Motley. Seth Hancock appeared on behalf of the United States. The proceedings were recorded by court reporter Terri Turner. (DN 125). The matter is now ripe for decision. For the foregoing reasons, the Court DENIES Motley's habeas petition.

INTRODUCTION

Motley was charged in this case with eight counts of being a felon in possession of a firearm in violation of 18 USC §§ 922(g)(l) and 924(a)(2) and distributing a substance containing cocaine in violation of 18 USC §§ 841(a)(1), 841(b)(1)(C), and 841(b)(l)(B)(iii). (DN 1). Motley initially pled not guilty to these charges.

1

A change of plea hearing was scheduled for October 20, 2014. Upon motion of the Motley, this hearing was canceled and a trial for the charges against Motley was set for January 15, 2015. (DN 37). A co-defendant, Demario Centel Maxie, was charged with being a felon in possession of a firearm in violation and also pled not guilty. On December 15, 2014, a jury trial was held with regard to the charges against Maxie. The jury found Maxie guilty of both counts against him. (DN 61).

On December 22, 2014, Motley entered a plea agreement. (DN 67). In the plea agreement, entered pursuant to Rule 11(c)(1)(C), Motley and the United States agreed upon a sentence of 151 months. As part of the plea agreement Motley waived his right to appeal except for claims based on "ineffective assistance of counsel or prosecutorial misconduct." (DN 67). This Court sentenced Motley to a term of 151 months of imprisonment. (DN 82).

Motley has now filed a § 2255 motion to set aside his conviction. (DN 104). Motley argues that his attorney provided ineffective assistance of counsel by failing to consult with Motley about filing an appeal. Magistrate Judge King recommended that Motley's motion be denied. (DN 108). Motley objected. (DN 109). After counsel was appointed for Motley he filed an amended § 2255 motion which argues that his attorney was ineffective for failing to investigate and contest the validity of the charge for felon in possession of a weapon found in Count 8 of the indictment. (DN 121). After conducting a *de novo* review of Magistrate Judge King's report and recommendation and an evidentiary hearing, this Court denies Motley's petition for the following reasons.

## STANDARD

A prisoner may request that her sentence be set aside on the grounds that it was "imposed in violation of the Constitution or laws of the United States." 28 USCS § 2255(a). "The statute

does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction," but only "when the error qualifies as a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Slater v. United States*, 38 F. Supp. 2d 587, 589 (M.D. Tenn. 1999) (*quoting Reed v. Farley*, 512 U.S. 339 (1994).

The "right to counsel" implies the "right to effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 692 (1984). Under *Strickland*, a "petitioner must make two showings to qualify for relief: (1) 'that counsel's performance was deficient'; and (2) 'that the deficient performance prejudiced the defense.'" *Howard v. United States*, 743 F.3d 459, 464 (6th Cir. 2014) (quoting *Strickland*, 466 U.S. at 687).

"An attorney's performance is deficient if 'counsel's representation fell below an objective standard of reasonableness.'" *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013) (quoting *Strickland*, 466 U.S. at 688) ("counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 694.

DISCUSSION

Motley claims his trial counsel was ineffective in two ways: (I) failing to consult with Motley about the possibility of an appeal; and (II) failing to investigate and contest the validity of the charge for felon in possession of a weapon found in Count 8 of the indictment. For the following reasons, the Court finds that Motley's trial counsel's representation did not fall below an objective standard of reasonableness.

## I.   Failing to Consult with Motley about the Possibility of an Appeal.

Motley's first claim is that his trial counsel failed to consult with him about the possibility of filing an appeal. Comparatively, Motley does not argue that he actually requested an appeal or that his attorney disregarded instructions to file an appeal.[1]

As an initial matter the Court finds that this claim is not plausible. During the evidentiary hearing, Motley was asked if he did have conversations with his trial counsel about an appeal. Motley replied: "I don't remember having -- some briefly, but I really don't recall what was talked about." (DN 125, p. 3). Don Meier, Motley's trial counsel, testified that "I can tell you that I absolutely discuss that [an appeal] with every client." (DN 125, p. 21). Meier testified that he told Motley that he had waived his right to appeal and any appeal would likely be denied. (DN 125, p. 21). Meier also testified that his office routinely sends a letter to clients advising them of their right to appeal and instructing them when they must contact his office in order to file an appeal. (DN 125, p. 22). Meier confirmed that such a letter was sent to Motley. (DN 125, p. 23).

Even if Meier had not consulted with Motley about the possibility of an appeal, Motley has still not shown an ineffective assistance of counsel claim on this issue. If "counsel has not consulted with the defendant" this Court must ask "[u]nder what circumstances does counsel have an obligation to consult with the defendant about an appeal?" *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). "[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this

---

[1] These allegations would be analyzed under a different standard. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000) ("If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal").

4

particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. "[W]here either of these two circumstances are met, an attorney is required to advise the defendant 'about the advantages and disadvantages of taking an appeal' and to make 'a reasonable effort to discover the defendant's wishes.'" *Gunner v. Welch*, 749 F.3d 511, 518 (6th Cir. 2014) (citation omitted). "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe*, 528 U.S. at 484.

Motley argues he reasonably would have wanted to appeal because his presentence investigative report included a prior conviction which Motley argues does not qualify as a predicate offense under the career offender guidelines. Motley believes this prior conviction "has clearly affected his current term of imprisonment." (Docket #109).

The Court finds this argument unpersuasive because the sentencing guidelines for Motley would be unchanged even if Motley's prior conviction did not qualify him as a career offender. The Court found that Motley qualified as a career offender. As a career offender, his total offense level was 38 and his criminal history category was VI. With the acceptance of responsibility deduction of three levels, Motley had an adjusted total offense level of 35 with a criminal history category of VI and his range under the guidelines was 292 to 365 months. Even if the Court had agreed with Motley that the presentence investigative report included a prior conviction which did not qualify as a predicate offense under the career offender guidelines, Motley's guideline calculation does not change. Motley would still have an adjusted total offense level of 35 with a criminal history category of VI and a range of 292 to 365 months. Therefore, whether or not Motley was found to be a career offender, Motley had an adjusted total

offense level of 35 and a criminal history category of VI. Accordingly, the Court does not find there are any nonfrivolous grounds for appeal.

Additionally, Motley and the United States agreed upon a sentence of 151 months pursuant to a Rule 11(c)(1)(C) plea agreement.[2] This Court did sentence Motley to a term of 151 months. (Docket #82). The acceptance of a guilty plea is a "highly relevant factor" which demonstrates that defense counsel's conduct was reasonable because "a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Roe*, 528 U.S. at 480 ("the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea").

II. **Failing to Investigate and Contest the Validity of the Charge for Felon in Possession of a Weapon.**

Motley's second claim is that his trial counsel was ineffective for failing to investigate and contest the validity of the charge for felon in possession of a weapon found in Count 8 of the indictment. In particular, Motley argues that his trial counsel should have had the guns which formed the basis for this charge tested for fingerprints.

The Supreme Court has held that "the same two-part standard" stated in *Strickland* "seems to us applicable to ineffective-assistance claims arising out of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). "In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence." *Id.* at 58. "The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that

---

[2] Under Rule 11(c)(1)(C) the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case." *Freeman v. United States*, 131 S. Ct. 2685, 2691 (2011). If the Court accepts the plea agreement, it "binds" the Court to that sentence. *Id*.

6

there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010). "The test is objective, not subjective." *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012).

      As to the first prong, the Court does not believe Meier's decision not to test the gun for fingerprints fell below an objective standard of reasonableness. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. ("In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments"). Meier claimed he preferred to leave the guns untested and argue Motley's "fingerprints are not on it, rather than take the risk otherwise" of having the guns tested and his fingerprints be found on them. (DN 125, p. 24). This is a valid strategic decision, as the absence of Motley's fingerprints on the guns does not necessarily result in Motley being found innocent of this charge. *See e.g. United States v. Kincaide*, 145 F.3d 771, 782 (6th Cir. 1998) ("Proof that 'the person has dominion over the premises where the firearm is located' is sufficient to establish constructive possession") (citation omitted). Conversely, the presence of Motley's fingerprints on these guns would have been strong evidence against him. Meier could have reasonably concluded that the more prudent approach was to leave the guns untested, and from this, argue that Motley's fingerprints had not been found on the guns.

      As to the second prong, the Court does not believe that, even if the guns were tested and tested negative for Motley's fingerprints, a rational defendant would have rejected the plea bargain offered to Motley. Motley was facing a possible sentence of 292 to 365 months. He was

7

offered and accepted a plea deal of 151 months. Although Motley initially rejected this deal, he did so at a time when it appeared that a confidential informant would not testify against him or Maxie. Additionally, Motley was reluctant to testify against Maxie, an element of the earlier plea deal. At Maxie's trial, the confidential information did testify, and as Motley's trial counsel characterized it, "didn't hold back." (DN 125, p. 19). Following Maxie's conviction on similar charges with similar evidence, the knowledge that a confidential informant would testify, and the fact that Motley would no longer be required to testify, the Court finds that a rational defendant would have accepted a plea deal of 151 months over the possibility of facing a sentence of 292 to 365 months.

The Court will not issue a certificate of appealability because Motley has not demonstrated "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). The Court is not persuaded that Motley would have actually appealed in this case but for defense counsel's alleged failure to discuss an appeal with Motley. Nor does the Court find that a rational defendant would not have taken the plea deal that Motley did accept if counsel had had the guns tested for fingerprints.

## CONCLUSION

This Court has conducted a *de novo* review of the Magistrate Judge's report and recommendation and the objection filed thereto. For the foregoing reasons, IT IS HEREBY ORDERED that the Court ADOPTS the findings of fact and conclusions of law as set forth in the report submitted by the United States Magistrate Judge.

IT IS FURTHER ORDERED that Defendant Charles Albert Motley, Jr.'s § 2255 habeas petition (DN 104, 121) is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

An appropriate Judgment will issue separately in conjunction with this Order.


cc: counsel of record

Charles Albert Motley
15576-033
MCCREARY
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 3000
PINE KNOT, KY 42635