UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:14-cr-00004-TBR-LLK-1

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**V.**

**CHARLES ALBERT MOTLEY, JR.**                                                          **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant Charles Albert Motley, Jr.'s Motion for Compassionate Release. [DN 150]. The United States responded. [DN 152]. Motley did not reply, but the time to do so has passed. The motion is ripe for adjudication. For the reasons stated below, the motion is DENIED.

**I.   Background**

Motley is a federal prisoner housed at USP Leavenworth in Leavenworth, Kansas.[1] He is a 51-year-old Black male with a release date of January 19, 2025.[2] In March 2015, this Court entered judgment as to Motley for four counts of felon in possession of firearms and three counts of possession with the intent to distribute and distribution of cocaine base and cocaine. [DN 82]. The Court sentenced Motley, pursuant to a plea agreement, to a 151-month term of imprisonment. *Id.* Motley is before the Court on a motion for compassionate release.

Motley cites a lot of general information about coronavirus and coronavirus in prisons in his motion. He argues that USP Leavenworth has handled coronavirus poorly, taking too few measures to sanitize the facility and failing to enforce mask-wearing among inmates and staff. [DN 150 at 1-2]. Motley also argues that he is suffering from Type 2 Diabetes and high cholesterol, and

---

[1] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "BOP Register Number" from Type of Number category, then input "15576-033" in Number category box).
[2] *Id.*

that he is on blood thinners. *Id.* at 3. These medical conditions, Motley argues, make him particularly vulnerable to coronavirus. *Id.* at 5.

The government argues that Motley is not eligible for compassionate release. *Id.* at 2. Specifically, the government contends that Motley's speculation about contracting coronavirus is not extraordinary or compelling, and "Motley's records indicate that he has not been taking his prescribed medication for diabetes and has controlled his A1c level with diet and exercise; those levels mark him in the 'prediabetic range.'" *Id*. at 3. Further, the government states, "[g]iven Motley's current physical condition, he is not in a high-risk category with regards to COVID-19." *Id.* Further still, the government states that BOP data indicate that very few inmates or staff at USP Leavenworth have active cases of COVID-19. *Id.* at 5. The government also argues that Motley appears more likely to get coronavirus in Christian County, where he would go if he were released, than in prison. *Id.*

Finally, the government argues that the factors of 18 U.S.C. § 3553(a) weigh against release. *Id.* at 6. The nature and circumstances of Motley's crimes, as well as Motley's history and characteristics, do not support relief, the government argues. *Id.* In addition to the crimes of selling firearms and cocaine to a confidential informant, Motley has also been previously convicted of multiple assaults, controlled substance trafficking, and violation of probation. *Id.* In sum, the government argues that Motley has not been rehabilitated and reducing his sentence "would not reflect the seriousness of Motley's crimes, deter him from criminal activity, or protect the public." *Id.* at 6-7. Motley did not file a reply.

## II. Standards

The Sixth Circuit recently articulated the standards a district court uses in evaluating a compassionate release motion:

> The compassionate release statute allows the district court to reduce a defendant's sentence if it finds that "extraordinary and compelling reasons" warrant a reduction; that a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); see *United States v. Ruffin*, 978 F.3d 1000, 1004–05 (6th Cir. 2020). But where an inmate files the motion for compassionate release, "district courts need not consider" the policy statement in § 1B1.13 of the Sentencing Guidelines. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). And because satisfying the § 1B1.13 policy statement is no longer a requirement for defendant-filed compassionate release motions, the policy statement's requirement that the defendant not be a danger to the community no longer provides an independent basis for denying compassionate release. *United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021). In other words, a district court may deny a defendant-filed motion only when it finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release. See *Elias*, 984 F.3d at 519.

*United States v. Greene*, No. 20-3848, 2021 WL 1016430, at *2 (6th Cir. Mar. 17, 2021).

Where, as here, an incarcerated person files a motion for compassionate release directly, the district court has full discretion to define and determine whether an "extraordinary and compelling" reasons exist without consulting the § 1B1.13 policy statement. *Elias*, No. 984 F.3d at 519-20 (citing *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). However, as this Court has previously stated, the policy statement may still provide a useful starting point to determine whether extraordinary and compelling reasons exist, because Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *Ruffin*, 978 F.3d at 1004. Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020) (quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

The policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

Though the policy statement still provides a useful starting point to determine whether extraordinary and compelling reasons exist, the Court can and does look to other reasons when ruling on a motion for compassionate release. The present motion represents many filed by incarcerated persons around the country who have limited control of their environment, often cannot practice social distancing, and are concerned about contracting COVID-19. The Sixth Circuit acknowledged this concern and approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."

4

*Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

### III.  Discussion

Under the First Step Act, a defendant may move for compassionate release on his own after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *United States v. Pegram*, No. 20-1906, 2021 WL 499572, at *2 (6th Cir. Feb. 10, 2021). The parties do not dispute that Motley has exhausted his administrative remedies, so the Court proceeds to the merits.

The medical issues raised in Motley's motion include Type 2 Diabetes and high cholesterol. [DN 150 at 3]. Motley's medical records confirm that he suffers from these conditions, though it appears the conditions are managed well with diet and medication. [*See, e.g.,* DN 150-1 at 1; 3]. The Centers for Disease Control and Prevention (CDC) recognizes that these conditions do pose increased risk or might pose increased risk for severe illness from the virus that causes COVID-19.[3] The BOP website indicates that at present, five (5) inmates among the 1,518 total inmates at USP Leavenworth have active cases of coronavirus.[4] Further, the BOP website also indicates that 132 staff members and 116 inmates at USP Leavenworth have received coronavirus vaccinations.[5]

---

[3] *People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 24, 2021).

[4] *COVID-19*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 24, 2021); *USP Leavenworth*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/lvn/ (last visited March 24, 2021).

[5] *COVID-19 Vaccine Implementation*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 24, 2021).

On the information Motley has presented and the information available to the Court through the Bureau of Prisons, the Court finds that Motley has not demonstrated extraordinary and compelling reasons that warrant his release. Though Motley does have some COVID-19 risk factors, they do not rise to the level of extraordinary and compelling conditions. Motley does not argue that his facility is unable to manage his conditions or that it would be unable to provide the needed care if he were to contract coronavirus. Motley is not an exceptionally high risk, nor is his facility experiencing a severe outbreak. It also appears that his facility has begun vaccinating staff and inmates. The Court cannot conclude on the information before it that Motley has shown extraordinary and compelling reasons that justify his compassionate release. Because the Court determines that Motley has not presented extraordinary and compelling reasons for release, the Court need not consider the factors of 18 U.S.C. § 3553(a). *See Greene*, 2021 WL 1016430, at *2. Accordingly, Motley's motion for compassionate release is denied. If conditions materially change, the Court may reconsider a new motion.

### IV. Conclusion

For the reasons stated above, the motion for compassionate release, DN 150, is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 26, 2021

cc: counsel

Charles Albert Motley, Jr.
15576-033
LEAVENWORTH
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEAVENWORTH, KS 66048
PRO SE